UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.    4:18 CR 264 RWS |
| | ) | |
| HEATHER MCDORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On January 1, 2025, Defendant Heather McDorman filed a motion seeking a

reduced sentence under Amendment 821 of the United States Sentencing

Guidelines.  On May 30, 2019, McDorman pleaded guilty to five counts of

production of child pornography, in violation of 18 U.S.C. § 2251(a) and

§ 2251(e); and to two counts of attempted production of child pornography, in

violation of 18 U.S.C. § 2251(a) and § 2251(e).  On October 30, 2020, I sentenced

McDorman to a term of imprisonment of 288 months to be followed by a lifetime

of supervised release.  McDorman is currently serving her sentence at a Federal

Bureau of Prisons ("BOP") facility, FCI Aliceville, Aliceville, Alabama.  Her

projected release date is August 29, 2039.  See https://www.bop.gov/inmateloc/

(April 17, 2025).

A court may modify a previously imposed term of imprisonment if the

defendant's sentencing range has subsequently been lowered by the United States

1

Sentencing Commission. 18 U.S.C. § 3582(c)(2).  A defendant bears the burden of

proving she is eligible for a downward adjustment under the Sentencing

Guidelines.  United States v. Beridon, 43 F.4th 882, 885 (8th Cir. 2022).

In Amendment 821, the Commission amended two sections of the

Guidelines and specified that these amendments should be applied retroactively.

U.S.S.G. § 1B1.10(a)(2), (d). The first change limits the impact of § 4A1.1 "status

points," which are criminal-history points added when the defendant committed his

offense while under another criminal sentence.  U.S.S.G. § 1B1.10 cmt. 7.  This

change does not apply to McDorman.

Amendment 821 also amended § 4C.1.1 by "provid[ing] a decrease of two

levels from the [otherwise applicable total] offense level" for defendants with zero

criminal history points who meet other criteria. U.S.S.G. § 1B1.10 cmt. 7.

McDorman's motion ask whether Amendment 821 lowers her applicable

imprisonment range by two levels because she had zero criminal history points.

McDorman's original total offense level was a 43 which reflected a sentence of life

imprisonment.  If Amendment 821 applied to McDorman her total offense level

would be reduced to a 41 which reflects a sentencing range of 324-405 months.

McDorman's sentencing range has been lowered.

However, Amendment 821 does not apply to McDorman for two reasons.

First, a sentence reduction based on an amended guideline range is limited to the

2

bottom of the amended guideline range under U.S.S.G. § 1B1.10(b)(2)(A).  United States v. Koons, 850 F.3d 973, 976 (8th Cir. 2017).  The bottom of McDorman's amended guideline range is 324 months.  She received a sentence of 288 month which is below the bottom amended guideline range.  McDorman cannot receive a further sentence reduction under Amendment 821.

Second, by its terms Amendment 821 does not apply to McDorman.  The amendment does not apply to crimes involving sex offenses against a minor, as is the case here. U.S.S.G. § 4C1.1 (a)(5).  As a result, McDorman is not eligible for a reduction in her total offense level under Amendment 821.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Heather Dorman's motion for a sentence reduction pursuant to Amendment 821 [229] is **DENIED**.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 21st day of April, 2025.

3